UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

Menachem Bronstein,

                Plaintiff,           Civil Action No.:_____

against

Cavalry Portfolio Services, LLC,

                Defendant.
---------------------------------X

**COMPLAINT AND DEMAND**
**FOR TRIAL BY JURY**

Plaintiff Menachem Bronstein ("Plaintiff" or "Bronstein"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES,, as and for his Complaint against the Defendant Cavalry Portfolio Services LLC ("Defendant" or "Cavalry"), respectfully sets forth, complains as follows:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debtor collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer" *Clomon v. Jackson*, 998 F.2d 1314 (2d Cir. 1993)

**PARTIES**

3. Plaintiff is a natural person and resident of the State of New York, County of Queens, residing at 146 Beach 9th St., Far Rockaway, New York 11691.

1

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant is a domestic limited liability company with its principal place of business at 500 Summit Lake Dr, Valhalla, New York 10595, County of Westchester. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes.

6. Cavalry is a "debt collector" as the phrase is defined and used in the FDCPA.

7. Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

8. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

11. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, on a date better known to the Defendant, Defendant began collection activities on the Alleged Debt.

14. In or around March, 2012, the Defendant placed at least two 2 telephone calls to the Plaintiff, and left messages for the Plaintiff on the Plaintiff's answering machine (See transcript, attached hereto as "Exhibit A").

15. Said messages failed to state that the Defendant is a debt collector, attempting to collect a debt, and any information obtained would be used for that purpose.

16. Said actions by the Defendant violated 15 U.S.C. Sec. 1692e(11) which requires, *inter alia*, that Defendant provide a consumer with mini miranda disclosures in each communication.

17. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(11))

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's conduct violated 15 U.S.C. §1692e(11) in that, on at least two occasions, Defendant failed to provide Plaintiff with the mandated mini Miranda warning to disclose that it is a debt collector, attempting to collect a debt, and any information obtained would be used for that purpose.

3

20. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

21. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## DEMAND FOR TRIAL BY JURY

**WHEREFORE**, Plaintiff Menachem Bronstein demands judgment against the Defendant Cavalry Portfolio Services, LLC, as follows:

## PRAYER FOR RELIEF

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec.1692k(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. For a declaration that the Defendants' practices violated the FDCPA and for an Order enjoining Defendant from engaging in the practices complained of herein; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 21, 2013

Respectfully submitted,

By: s/Fredrick Schulman, Esq.
Fredrick Schulman (FS 2664)
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053